IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANDRA BANKHEAD, § | | |
| # 72589-019, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:24-cv-1384-K-BT | |
| § | | |
| BUREAU OF PRISONS, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Diandra Bankhead's petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking recalculation of time credits and release from Bureau of Prisons (BOP) custody. As explained below, the District Judge should **DISMISS** the petition for lack of jurisdiction.

On November 17, 2020, the United States District Court for the Northern District of Georgia sentenced Petitioner to 63 months' imprisonment for her conviction on one count of healthcare fraud in violation of 18 U.S.C. § 1347. *See United States v. Bankhead*, No. 1:19-CR-287-01-TWT, doc. 24 (N.D. Ga. Nov. 24, 2020). In this federal habeas action, Petitioner seeks recalculation of time credits and immediate release from BOP custody. Am. Pet. at 5 (ECF. No. 9).[1] However, Petitioner has been released from BOP custody and is on supervised release.

---

[1] The Court considers Petitioner's most recent Amended Petition (ECF. No. 9) as controlling.

Therefore, the issue presented in this habeas petition is moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the court must dismiss the case for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Petitioner has already received the sole relief she sought in her petition: release from confinement. Thus, her release mooted her § 2241 petition, notwithstanding her continued supervision, because there is no longer a live case or controversy for which any relief could be granted. *Herndon v. Upton*, 985 F3d 443 (5th Cir. 2021) (petitioner's release "mooted her Section 2241 petition"); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a Section 2241 petition as moot following release where "[t]he main thrust of [the] petition is to

be released from his confinement"). Thus, the District Judge should **DISMISS** the Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 9) for lack of jurisdiction.

SO RECOMMENDED on February 10, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).